IN THE UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 09-10065-WEB |
| | ) | |
| JOHN H. DICKERSON, | ) | |
| | ) | |
| Defendant. | ) | |

Memorandum and Order

Defendant John Dickerson filed a Motion for Retroactive Application of Sentencing Guidelines to Crack Cocaine Offenses. (Doc. 16). On August 19, 2009 Dickerson plead guilty pursuant to Rule 11(c)(1)(C) to Possession with the intent to Distribute Cocaine Base, in violation of 21 U.S.C. § 841(a)(1). Dickerson's guideline range was 188 to 235 months imprisonment. However, based on the parties agreement, Dickerson was sentenced to 96 months imprisonment.

Dickerson is not eligible for resentencing for two reasons. First, Dickerson is a career offender, and was not sentenced under U.S.S.G. § 1B1.10. Dickerson was sentenced under U.S.S.G. 4B1.1, which applies to career offenders. Since the retroactive amendment only applies to sentences under § 1B1.10, the retroactive sentencing amendment does not apply to Dickerson.

Secondly, Dickerson expressly waived his right to file a motion for relief under § 3582(c) in the plea agreement. Since Dickerson has not set forth any reason why this waiver is not valid and enforceable, the Court will not allow him to seek relief that is directly contrary to his plea agreement.

IT IS THEREFORE ORDERED that Dickerson's Motion for Retroactive Application of

Sentencing Guidelines to Crack Cocaine Offenses (Doc. 16) be denied.

    IT IS SO ORDERED this 10th day of January, 2012.

                                            Wesley E. Brown
                                            Senior U.S. District Court Judge